(66 South. 960)

No. 20555.

MORVANT v. HENDERSON.

(Dec. 14, 1914.)

*(Syllabus by the Court.)*

1. EXECUTION ☞328—SALE — PROCEEDS — PAYMENT—WAIVER OF OBJECTION.

An opposition to the payment of the proceeds of a sheriff's sale to the plaintiff in execution will be considered as having been abandoned, where the opponent allowed five years to elapse without having taken any steps in the prosecution thereof. See Act No. 107 of 1898.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 981–998; Dec. Dig. ☞328.]

2. EXECUTION ☞325, 328—SALE—PROCEEDS —OPPOSITION—ACTION BY EXECUTION DEFENDANT.

Such a defunct opposition cannot serve as the basis of another concursus at the suit of the defendant in execution, alleging that the claims of his creditors against the proceeds of sale have been prescribed. Such suit, if admissible, should have been brought against the creditors, as well as against the sheriff alleged to have received and held the proceeds of the sale.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 950, 981–998; Dec. Dig. ☞325, 328.]

Appeal from Nineteenth Judicial District Court, Parish of Iberia; James Simon, Judge.

Action by Ricard Morvant against George Henderson. From a judgment for defendant, plaintiff appeals. Affirmed.

F. E. Delahoussaye, of St. Martinville, and L. R. Tilly, of Jeanerette, for appellant. Burke, Burke & Smith, of New Iberia, for appellee.

LAND, J. Plaintiff's suit was dismissed on an exception of no right and no cause of action, and he has appealed.

An analysis of plaintiff's petition and amended petition disclose the following state of facts:

In March, 1903, one M. M. Knight had a judgment against Ricard Morvant for $2,-497, with interests and costs, on which execution was issued and placed in the hands of George Henderson, sheriff of the parish of Iberia. The said sheriff, under said writ, seized, advertised, and sold lands belonging to said Morvant for the price of $6,960 cash, received in hand.

In August, 1903, said sheriff was ordered by the court to hold in his hands the proceeds of said sale until the further orders of the court.

The court has never given any further orders, and, as far as appears on the record, the said Henderson still holds in his hands said proceeds of sale less $216.98 costs, which balance of $6,743.02 the said Morvant, plaintiff herein, claims of the said Henderson, defendant.

A certain mortgage in favor of one Henry Mayer, appearing on the mortgage certificate read at said sale, was paid on September 21, 1903, contrary to said order of court.

A certain mortgage in favor of one J. R. Parkerson appearing on said certificate was properly allowed to expire without payment.

A certain judgment in favor of one Joseph Goldberg, as per certificate aforesaid, was not paid, but was allowed to remain on the records until March 17, 1913, when the same was canceled by prescription.

A certain judgment in favor of one M. M. Knight appearing on said mortgage certificate was not paid, but was allowed to remain on the records until March 17th, when the same was canceled by prescription.

The plaintiff admits that a certain mortgage note for $770 in favor of the Bank of Jeanerette, which was merged in a judgment in 1908, is entitled to be paid by preference out of the said proceeds of sale.

Plaintiff prayed for judgment against the defendant for the said sum or $6,743.02, held in trust by the defendant; that the said judgment in favor of the Bank of Jeanerette be paid out of said amount, and duly canceled; and that the balance remaining be turned over to the plaintiff; and for all costs and general relief.

The certificate of mortgages referred to in the petition was offered in evidence, to be produced and filed, but does not appear in the transcript.

Copies of none of the documents and records referred to in the petition were annexed thereto, or appear in the transcript.

The petition, without the sheriff's deed, does not show who became the purchaser of the property at the sheriff's sale made on August 15, 1903; and non constat that the seizing creditor, or one of the mortgage creditors, did not purchase the property and retain the price.

The petition does not show in what proceeding and at whose instance the court ordered the sheriff to hold the proceeds of the sale. Non constat that the opponent was not the mortgage creditor, who received payment from the sheriff as alleged in the petition.

In the absence of the mortgage certificate, it does not appear what creditors, other than Knight, were entitled to participate in the distribution of the proceeds of the sale.

[1] The petition alleges that no further orders have been given in the opposition proceedings since August, 1903. If so, the opposition was abandoned in August, 1908, by the lapse of five years. Act 107 of 1898, p. 155. Hence plaintiff's theory that the proceeds of the sale are still in the hands of the sheriff by virtue of the order of August, 1903, is exploded by the provisions of said statute.

[2] The defunct opposition and order cannot serve as the basis of another concursus at the suit of the original defendant in execution. If the plaintiff herein has any claim to the proceeds of the sheriff's sale made in 1903, it should have been asserted contradictorily with the creditors, who were entitled to said proceeds, and the question whether their claims have been prescribed cannot be determined in a proceeding to which they are not parties.

We therefore are of opinion that the allegations of the petition do not disclose a right or cause of action.

Judgment affirmed.